DICKSON, Justice.
In light of the conduct of an alternate juror during jury deliberations, we reverse *115 the defendants’ convictions for Involuntary Manslaughter.[1]
The defendants Daniel and Saundra Wahl, a married couple, were each convicted of Involuntary Manslaughter following the death of a child on June 20, 2013 at their in-home day care facility in Hamilton County. Before the defendants were sentenced, one of the jurors emailed the trial judge describing the conduct of an alternate juror during the jury’s deliberations. Based on the e-mail, the defendants filed a motion for a mistrial, which the trial court denied. Following the defendants’ sentencing, the defendants filed a motion to correct error again seeking a mistrial and supported by a sworn affidavit on the alternate juror’s participation in deliberations. The affidavit alleged that “after the jury began deliberations, the alternate juror immediately began to involve himself in the deliberations and began taking over the deliberations by leading discussions.” Appellant’s App’x at 117. Even after being informed by other jurors not to participate in the deliberations, the alternate juror manipulated physical evidence (the working parts of a baby gate) and repeatedly replayed a portion of the DVD that was in evidence, with ever-increasing volume, until all jurors were giving it their attention. The trial court also denied the motion to correct error.
The defendants appealed, arguing that there was insufficient evidence to sustain their convictions, that the trial court erred when it declined to grant a mistrial due to juror misconduct, that their sentences were inappropriate, and that the trial court erred in ordering restitution. The Court of Appeals affirmed in separate opinions. Wahl v. State, 36 N.E.3d 1147 (Ind.Ct.App.2015); Wahl v. State, 36 N.E.3d 1163 (Ind.Ct.App.2015). We granted transfer and now consolidate these cases. Finding that the defendants’ motion for mistrial due to juror misconduct should have been granted, we reverse the convictions.[2]
In Ramirez v. State, we emphasized that certain juror misconduct is presumed to prejudice a defendant because “[a]n impartial jury is the cornerstone of a fair trial, guaranteed by the Sixth Amendment and Article 1, Section 13 of our Indiana Constitution.” 7 N.E.3d 933, 936 (Ind.2014). In the present case, the resolution of the defendants’ request for a mistrial based on a claim of juror misconduct is governed by the following standard:
Defendants seeking a mistrial for suspected jury taint are entitled to the presumption of prejudice only after making two showings, by a preponderance of the evidence: (1) extrajudicial contact or communications between jurors and unauthorized persons occurred, and (2) the contact or communications pertained to the matter before the jury. The burden then shifts to the State to rebut this presumption of prejudice by showing that any contact or communications were harmless.
Id. at 939 (internal citations omitted).[3] The defendants, however, argue that Ramirez does not apply here because the
*116 misconduct in Ramirez occurred during trial, while the misconduct in this case occurred during jury deliberations, not trial. But Ramirez is not limited only to in-trial juror misconduct. Rather, it applies whenever “[d]efendants seek[] a mistrial for suspected jury taint,” regardless of when the alleged jury taint occurred. Id. Furthermore, several of the cases Ramirez examines involve alleged juror misconduct during deliberations. See, e.g., Henri v. Curto, 908 N.E.2d 196, 200-04 (Ind.2009); Griffin v. State, 754 N.E.2d 899, 900-01 (Ind.2001); Hall v. State, 796 N.E.2d 388, 396 (Ind.Ct.App.2003), trans. denied.
The State argues that the defendants have not carried their initial burden because the affidavit outlining the alternate juror’s actions is “not permissible evidence for challenging the verdict” under Indiana Evidence Rule 606(b). Appellee’s Br. at 15. Under that rule, “[d]uring an inquiry into the validity of a verdict ... a juror may not testify about any statement made or incident that occurred during the jury’s deliberations-” Ind. R. Evid. 606(b)(1). But one of the rule’s exceptions allows a juror to “testify about whether ... an outside influence was improperly brought to bear on any juror....” Id. at 606(b)(2). As this Court has held, “an alternate is an ‘outside influence’ for purposes of Indiana Evidence Rule 606(b).” Henri, 908 N.E.2d at 203 (citing Griffin, 754 N.E.2d at 903). We find the juror’s affidavit admissible to challenge the verdict.
The assertions in the affidavit are sufficient to trigger the Ramirez presumption. In addition to showing both extrajudicial contact and communications between jurors and the alternate juror, it also showed that “the contact or communications pertained to the matter before the jury.” Ramirez, 7 N.E.3d at 939. As the State notes, “communications to the jury by an alternate juror during deliberations have been held to constitute extra-judicial communication.” Appellee’s Br. at 13 (citing Griffin, 754 N.E.2d at 903 (“An alternate is not, of course, a member of the jury....”)). The trial court correctly instructed the jury that “[t]he alternate juror will be with you in the jury room but is not permitted to participate in your deliberations or verdicts.” Appellant’s App’x at 66. Here, the alternate juror “immediately began to involve himself in the deliberations” including the manipulation of physical evidence and a DVD. Appellant’s App’x.. at 117. As the trial court noted, the “contact between the jurors and an unauthorized person (the alternate) .... did pertain to the matter before the jury....” Id. at 86. The assertions in the affidavit showing extra-judicial contact and communications between the jurors and the alternate juror, combined with showing that these pertained to the matter before the jury, were sufficient to give rise to the presumption of prejudice.
Because the Ramirez presumption of prejudice applies, the burden “shifts to the State to rebut this presumption of prejudice by showing that any contact or communications were harmless.” Ramirez, 7 N.E.3d at 939. For the State to show harmlessness under Ramirez, it must prove that the defendants were convicted by an impartial jury. The State must show that the jury was impartial because the Constitutional right to an impartial jury is “so basic to a fair trial that [its] infraction can never be treated as harmless error.” Riggs v. State, 809 N.E.2d 322, 328 (Ind.2004) (quoting Gray v. Mississippi 481 U.S. 648, 668, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987)). If the State is able to demonstrate that a jury was impartial, the presumption of prejudice is rebutted and the contact or communications can be treated as harmless. See *117 Weisheit v. State, 26 N.E.3d 3, 16 (Ind.2015) (finding harmless error when “over half of the jurors” were not exposed to the outside influence and the remaining jurors “stated that it had no effect on their ability to serve impartially”); Caruthers v. State, 926 N.E.2d 1016, 1021 (Ind.2010) (noting that “courts have a duty to ensure an impartial jury”).
The State argues that the alternate juror’s participation is harmless because the defendant “fails to demonstrate that a fair trial was unlikely because of the alternate juror’s misconduct.” Appel-lee’s Br. at 16. But once the presumption of prejudice arises, it is the State who must rebut the presumption by showing harmlessness. Here, the State essentially asserts only that the alternate juror’s participation with the jury diminished after being advised by other jurors not to participate, and that the jurors confirmed their verdict was unanimous.[4] The facts presented in the affidavit do not establish jury impartiality, and the State presents no other grounds to satisfy its burden to show that the jury remained impartial despite the presumed prejudice. The State has thus failed to rebut the presumption of prejudice, and when “the State does not rebut the presumption, the trial court must grant a new trial.” Ramirez, 7 N.E.3d at 939. We reverse the defendants’ convictions and remand for a new trial.
The juror’s affidavit in this case established by a preponderance of the evidence that the alternate juror’s participation injury deliberations was an external influence that pertained to the case. Under Ramirez, these showings result in a presumption of prejudice to the defendants. Because the State has not rebutted the presumption by showing that the jury was nevertheless impartial, a new trial is required. We reverse the convictions and remand for retrial or further proceedings consistent with this opinion.
RUSH, C.J., and RUCKER and DAVID, JJ., concur.
MASSA, J., concurs in part and dissents in part with separate opinion.

. The materials in these consolidated appeals are essentially the same. Citations to the appendices and briefs refer to the filings in Saundra Wahl's case, 29S04-1510-CR-605.

. Because the juror misconduct issue is dis-positive, we decline to review the defendants’ other arguments.

.This two-part standard applies except "in egregious cases where juror conduct fundamentally compromises the appearance of juror neutrality,” in which case "trial courts should skip [the] two-part inquiry, find irre-buttable prejudice, and immediately declare a mistrial.” Ramirez, 7 N.E.3d at 939.

. The jury, however, was not individually polled when it returned the verdict. Appellant's App'x at 73. Even if such individual polling had occurred, the trial court was not yet aware of the alternate juror's actions so it would not have "immediately investigated] suspected jury taint by thoroughly interviewing jurors collectively and individually, if necessary.” Ramirez, 7 N.E.3d at 940.